LittletoN, Judge,
delivered the opinion of the court:
Plaintiff is a chief quartermaster clerk in the Marine Corps, commissioned as such from the warrant grade of quartermaster clerk immediately upon passage of the act of *748 June 10, 1926, creating the commissioned grade of chief quartermaster clerk. In this suit he seeks to be paid in the commissioned rank which he holds as if commissioned from the date of completion of six years of commissioned and warrant service, which length of service he attained August 28, 1928. This claim is based upon the application of the statutes in this regard relative to the Navy which are, by assimilation, extended to similar ranks in the Marine Corps.
The act of June 10, 1926, 44 Stat. 725, entitled “An act to establish the warrant grade of pay clerk and the commissioned warrant grades of chief marine gunner, chief quartermaster clerk, and chief pay clerk in the United . States Marine Corps,” provided “ That the commissioned warrant grades of chief marine gunner, chief quartermaster clerk, and chief pay clerk in the Marine Corps are hereby established, and that marine gunners, quartermaster clerks, and pay clerks shall after six years from the date of warrant be commissioned chief marine gunners, chief quartermaster clerks, and chief pay clerks, respectively, after passing satisfactorily such examinations as the Secretary of the Navy may prescribe, and when so commissioned they shall have the same rank, pay, allowances, and other benefits as now are or may hereafter be allowed commissioned warrant officers of the Navy.”
This statute further provided that for the purpose of computing the six-year period of service required for promotion from warrant to chief warrant rank, all service as pay clerk, warrant officer, and commissioned officer in the Marine Corps and all active service for purposes other than training rendered during the period from April 6,1917, to December 31, 1921, under a temporary appointment as a pay clerk, warrant, or commissioned officer in the Marine Corps, or as a pay clerk, warrant, or commissioned officer in the Marine Corps Reserve, shall be counted. The act further provided that it should not be construed so as to reduce the pay, allowances, or other benefits that any person in the service would have received but for the passage of the act. .It will be noted that under this act, for pay purposes, plain *749 tiff’s commissioned and warrant service dated only from June 10, 1926, the date of the act, but it provided that the person so appointed should have the same rank, pay, allowances, and other benefits as might thereafter be allowed to commissioned warrant officers of the Navy.
On February 15, 1929, an act entitled “An act to permit certain warrant officers to count all active service rendered under temporary appointments as warrant or commissioned officers in the Regular Navy, or as warrant or commissioned officers in the United States Naval Reserve Force, for purpose of promotion to chief warrant rank ”, was enacted, 45 Stat. 1180, and provided “ That for the purpose of computing the six years’ service required for promotion from warrant to chief warrant rank, all active service, for purposes other than training heretofore rendered during the period from April 6, 1917, to December 31, 1921, under a temporary appointment as a warrant or commissioned officer in the United States Navy, or as a warrant or commissioned officer in the United States Naval Reserve Force, shall be counted: Provided, That officers who have heretofore been commissioned chief warrant officers shall for all purposes be regarded as having been so commissioned from the date of completion of such six years’ service including the service authorized to be counted by this act.” This act provided that no back pay or allowances should be held to have accrued prior to the passage of the act.
The act of February 16, 1929, 45 Stat. 1186, amended section 1 of the act of June 10, 1922, relating to the pay and allowances of commissioned and enlisted personnel of the Army, Navy, Marine Corps, etc., so as to provide that “ Commissioned warrant officers with creditable records on the active list shall receive pay as follows: During the first ten years of commissioned service, the pay of the second period; after ten years of commissioned service, the pay of the third period; after twenty years of commissioned service, the pay of the fourth period.”
From the foregoing statutes, we are of opinion that plaintiff is entitled to recover the difference in pay and allowances of a commissioned warrant officer with over nine and less than ten years’ commissioned service and that of such an *750 officer with but six years’ commissioned service from February 16, 1929, to January 4, 1980, amounting to $70.91, and the difference in pay and allowances of such an officer with over ten years’ service and one with but six years’ service from January 4,1930, to date of judgment.
The act of February 15, 1929, gave to officers in the Navy similarly circumstanced as the plaintiff with respect to service the right to compute pay from and after February 15, 1929, as if commissioned on the date of completion of six years’ commissioned and warrant service.
It is plain from the provisions of the act of June 10, 1926, that the plaintiff was and is entitled to all the benefits allowed to warrant officers in the Navy by the act of February 15, 1929, which provides that officers who had theretofore been commissioned chief warrant officers should for all purposes be regarded as having been so commissioned from the date of completion of six years’ service, including the service authorized to be counted by that act. It is true that the act of February 15, 1929, gave to certain warrant officers in the Navy the same rights which had been given to similar officers in the Marine Corps in the act of June 10, 1926, but it went further and gave them the benefit of constructive dates for the purpose of computing pay and allowances in their commissioned warrant office. The statute is plain and unambiguous, and we find nothing in the committee report on the act of February 15, 1929, to indicate that it was intended to have any effect other than the language plainly requires. Congress may and frequently has authorized constructive service to be credited for pay purposes. It is our opinion that this case is one of the instances in which such a constructive date has been given.
Plaintiff is entitled to recover, and entry of judgment will be suspended to await receipt from the General Accounting Office of a statement of the amount due plaintiff in accordance with this opinion. It is so ordered.
Whaley, Judge; Williams, Judge; and GkeeN, Judge, concur.
Booth, Chief Justice, took no part in the decision of this case on account of illness.